UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00243-TWP-TAB |
| ) | |
| D. REAGLE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT,
DISMISSING DEFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

This matter is before the Court for screening of Plaintiff Aaron Smith's ("Mr. Smith") Complaint. Mr. Smith, an inmate at Pendleton Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983, alleging violations of his right to religious freedom, deprivation of property without due process, and deprivation of adequate hygiene products. Because Mr. Smith is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before service on the defendants.

**I.    SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.     THE COMPLAINT

Mr. Smith names the following defendants in his Complaint (Dkt. 1): Warden R. Reagle, Captain Boldman, and Sergeant Brambach (collectively "the Defendants"). Mr. Smith is seeking compensatory and punitive damages and declaratory and injunctive relief.

The Complaint makes the following allegations. On August 5, 2020, Warden Reagle instituted a strip cell policy at Pendleton Correctional Facility. The strip cell policy allows correctional officers to seize prisoners' property without a pre-deprivation or post-deprivation due process remedies.

On October 27, 2020, Sergeant Brambach searched Mr. Smith's cell pursuant to this policy and seized Mr. Smith's Qur'an, prayer rug, and hygiene products. When he asked that this property be returned, Sergeant Brambach refused and told Mr. Smith that he is "not supposed to have" those items. Captain Boldman was also involved in the decision to seize these items and refused to return them to Mr. Smith. The seizure of these hygiene products and religious materials prevented Mr. Smith from performing Salat, a ritual prayer Muslims perform 5 times a day. Mr. Smith's property was eventually returned 10 days later.

Mr. Smith alleges the Defendants' actions violated his Fourteenth Amendment right to deprivation of property without notice or a hearing, his Eighth Amendment right to adequate hygiene products, and his right to religious freedom under the Religious Land Use and

Institutionalized Persons Act ("RLUIPA). The Complaint also alleges that the Defendants' actions violated his rights under Art. 1, §§ 2, 12, and 16, of the Indiana Constitution.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A temporary, non-final deprivation of property without adequate notice and a right to be heard may violate a prisoner's Fourteenth Amendment right to due process. *Fuentes v. Shevin*, 407 U.S. 67, 85-86 (1972). The Eighth Amendment entitles prisoners to the minimal civilized measures of life's necessities, including the right to adequate hygiene products. *Board v. Farnham*, 394 F.3d 469, 482 (7th Cir. 2005). RLUIPA prohibits governmental imposition of a "substantial burden on the religious exercise" of a prisoner, unless the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1.

Based on the screening standard set forth above, Mr. Smith's Fourteenth Amendment, Eighth Amendment, and RLUIPA claims **shall proceed** against the defendants. His claims for damages shall proceed against all defendants in their individual capacities, and his claims for declaratory and injunctive relief shall proceed against Warden Reagle in his official capacity, on the theory that the strip cell policy violates these constitutional provisions.

Mr. Smith's claims for injunctive relief under Art. 1, §§ 2, 12, and 16, of the Indiana Constitution **shall proceed** against Warden Reagle in his official capacity, on the theory that the

strip cell policy violates these constitutional provisions. However, his claims for damages under the Indiana Constitution are **dismissed**. As the Indiana Court of Appeals has repeatedly observed, "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution." *City of Indianapolis v. Cox*, 20 N.E.3d 201, 212 (Ind. Ct. App. 2014); *Smith v. Ind. Dept. of Correction*, 871 N.E.2d 975, 985-86 (Ind. Ct. App. 2007) (citing *Fidler v. City of Indpls.*, 428 F.Supp. 2d 857, 865 (S.D. Ind. 2006)).

This summary includes all viable claims identified by the Court. All other claims are **dismissed**. If Mr. Smith believes that his Complaint sets forth additional claims not identified by the Court, he shall have **through May 24, 2021**, to identify those claims.

### III.   CONCLUSION

Mr. Smith's Fourteenth Amendment due process claims, Eighth Amendment conditions of confinement claims, and RLUIPA claims **shall proceed** against the defendants. The claims for damages shall proceed against all defendants in their individual capacities, and the claims for declaratory and injunctive relief **shall proceed** against Warden Reagle in his official capacity. Mr. Smith's claims for declaratory and injunctive relief under the Art. 1, §§ 2, 12, and 16, **shall proceed** against Warden Reagle in his official capacity. All other claims are **dismissed**.

### IV.   SERVICE OF PROCESS
### V.

The **clerk is directed** to issue process to pursuant to Fed. R. Civ. P. 4©(3) to issue process to defendants Warden R. Reagle, Captain Boldman, and Sergeant Brambach in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**IT IS SO ORDERED**.

Date: 5/10/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

AARON J. SMITH
167146
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to the following IDOC Defendants at Pendleton Correctional Facility

    Warden R. Reagle
    Captain Boldman
    Sergeant Brambach

5